**FUNDICAO TUPY S.A. and Tupy American Foundry Corporation, Plaintiffs–Appellants,**

v.

**The UNITED STATES, Defendant–Appellee,**

**Cast–Iron Pipe Fittings Committee, Defendant.**

**No. 88–1233.**

United States Court of Appeals, Federal Circuit.

Oct. 19, 1988.

Jack G. Wasserman, Freeman, Wasserman and Schneider, New York City, argued for plaintiffs-appellants. With him on the brief were Bernard J. Babb, Jerry P. Wiskin and Patrick C. Reed.

Elizabeth C. Seastrum, Dept. of Justice, Washington, D.C., and Edwin Madaj, Jr., U.S. International Trade Com'n, Washington, D.C., argued for defendant-appellee. With them on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Dept. of Justice, Lyn M. Schlitt, General Counsel and James Toupin, Asst. General Counsel, U.S. Intern. Trade Com'n. Also on the brief were Robert H. Brumley, Deputy General Counsel, M. Jean Anderson, Chief Counsel, Intern. Trade and Craig L. Jackson, Attorney–Advisor, Intern. Trade Admin., U.S. Dept. of Commerce, of counsel.

Before NIES, Circuit Judge,
COWEN, Senior Circuit Judge, and
MICHEL, Circuit Judge.

PER CURIAM.

This appeal is from the judgment of the United States Court of International Trade,* dismissing the complaint of Fundicao Tupy S.A. and Tupy American Foundry Corporation (collectively "Tupy"), seeking to overturn an antidumping order on malleable cast iron pipe fittings from Brazil. Tupy had challenged both the final determination of the International Trade Administration of the United States Department of Commerce ("ITA") that such goods were being sold at less than fair value and the final determination of the International Trade Commission ("ITC") that a United States industry was materially injured by reason thereof. *See* 19 U.S.C. § 1673d (1982).

On appeal Tupy argues that the ITA improperly failed to make a "level-of-trade" adjustment, as required under 19 U.S.C. § 1677b(a)(4)(B) (1982) and 19 C.F.R. § 353.19, in calculating the foreign market value of the pipe fittings and that the trial

---

* *Fundicao Tupy S.A. v. United States*, 678 F.Supp. 898 (CIT 1988) (Watson, DiCarlo, Tsoucalas, JJ.).

court improperly supplied a rationale not used by the ITA in affirming the denial of the adjustment. We do not agree. The opinion by the trial court reflects no different "rationale." Both decisions rest on Tupy's failure to prove, as the ITA stated, that "it [Tupy] has incurred different costs." The record does show that Tupy sells at the retail level in Brazil and at the wholesale level in the United States. Although Tupy asserts that there is "clear, undisputed evidence of the amount of the required level of trade adjustment," we find no evidence with respect to the *amount* that is not speculative. It would be necessary to assume that the cost differential is the same in Brazil as in the United States. Thus, we agree with the trial court that the ITA acted within the limits of its discretion in denying an adjustment based on insufficiency of proof.

■ Tupy challenges the ITC's use of the cumulation provision of the Trade and Tariff Act of 1984, 19 U.S.C. § 1677(7)(C)(iv) (Supp. III 1985), in reaching its determination of material injury to the domestic industry. The ITC cumulated sales from Brazil, Korea, and Taiwan without determining that the sales from a particular country, considered alone, caused "material injury." Per Tupy, the statute allows cumulation only for purposes of considering the volume and price effect of imports, and not for purposes of assessing the impact of imports on the domestic industry. The latter element, per Tupy, must be considered on a country-specific basis.

We find the ITC's interpretation reasonable and we reject Tupy's argument that that interpretation is contrary to the intent of Congress. The legislative history of the final version of the statute reflects no intent by Congress to require findings of causation for each country. Rather, the sparse legislative history available indicates the opposite. The bill, as originally introduced, would have adopted Tupy's position, but it was specifically amended to eliminate the restriction Tupy would have us read into the statute. The Committee's report states in part:

The Committee *amended the criteria* to permit cumulation of imports from various countries that each account individually for a very small percentage of total market penetration, but when combined may cause material injury. The *requirement in the bill as introduced* that imports from each country have a "contributing effect" in causing material injury *would have precluded cumulation in cases where the impact of imports from each source treated individually is minimal* but the combined impact is injurious. (Emphasis added.)

H.R.Rep. No. 725, 98th Cong., 2d Sess. 37, *reprinted in* 1984 U.S. Code Cong. & Admin. News 4910, 5164. Moreover, certain Committee members voiced objections to the amended bill for precisely the reason which prompted the amendment. *Id.* at 94, *reprinted in* U.S. Code Cong. & Admin. News at 5188. We are unpersuaded that this interpretation conflicts with the Anti-Dumping Code of the General Agreement on Tariffs and Trade or that an error in the court's opinion as to the date of that code (i.e., 1967 for 1979) shows "basic ignorance" of our trade law. The language in issue is the same in both versions. The mistake is hardly of the size to which Tupy would inflate it.

■ Finally, from our review of the record we are unpersuaded that the ITC's finding that imports from Korea and Taiwan competed in the United States market with imports from Brazil is unsupported by substantial evidence.

Accordingly, for the foregoing reasons, the decision of the Court of International Trade is affirmed, and we adopt that court's more extensive analysis of the above issues.

AFFIRMED